IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


WILLIAM JAMES OLIVER, JR.                                                    PLAINTIFF


        v.                              CIVIL NO. 22-5206


KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                               DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        Plaintiff, William James Oliver, Jr., brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for period of disability and disability insurance benefits (DIB)

under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court

must determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed his current application for DIB on October 13, 2020, alleging an

inability to work since August 13, 2020, due to a back injury, a neck injury, fibromyalgia, chronic

fatigue syndrome, post-traumatic stress disorder (PTSD), major depressive disorder, an adjustment

reaction disorder, anxiety, a panic disorder, substance use disorder and sleep apnea. (Tr. 80, 180).

An administrative telephonic hearing was held on June 2, 2022, at which Plaintiff appeared with

counsel and testified. (Tr. 43-76).

        By written decision dated June 22, 2022, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disk disease of the thoracic spine with mild compression fractures; mild to moderate degenerative disk disease of the lumbar spine; mild to moderate degenerative disk disease of the cervical spine; fibromyalgia; PTSD; depression; anxiety; and alcohol abuse. The ALJ found that including Plaintiff's substance use, there would be no jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 22). The ALJ determined if Plaintiff stopped the substance use, the remaining impairments would cause more than a minimal impact on Plaintiff's ability to perform basic work activities. (Tr. 23).  The ALJ found if Plaintiff stopped the substance use, Plaintiff's impairments or combination of impairments would not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found if Plaintiff stopped the substance use, he retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that he cannot climb ladders, ropes, and scaffolds and can only occasionally stoop, kneel, crouch, crawl and climb ramps and stairs. He can understand, remember, and carry out simple routine, and repetitive tasks, respond to usual work situations and routine work changes, respond to supervision that is simple, direct, and concrete, and occasionally interact with the general public.

(Tr. 26). With the help of a vocational expert, the ALJ determined if Plaintiff stopped the substance use, he could perform work as a routing clerk, a merchandise marker, and a power screwdriver operator. (Tr. 35). The ALJ found Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if he stopped the substance use. (Tr. 36).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on August 23, 2022. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF

No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 10, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.      Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical,

3

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

## III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

4

workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In this case, the ALJ found that when all of Plaintiff's impairments, including his alcohol use, were considered Plaintiff could perform light work with limitations that included being off task for twenty percent of the workday. (Tr. 19). However, if the effect of Plaintiff's alcohol use was not considered, the ALJ found Plaintiff maintained the same RFC, with the exception that he would no longer be off task for twenty percent of the workday. (Tr. 26).

When evaluating the effects of drug addiction or alcoholism ("DAA"), the ALJ must determine whether DAA is material to the determination of disability. *See Whittle v. Berryhill*, No. 4:18-CV-04095-VLD, 2019 WL 2124247, at *28-29 (D.S.D. May 15, 2019) (citing SSR 13-2p, § 5). In order to determine if substance abuse is "material," the ALJ first evaluates all of the claimant's impairments, including the substance abuse. *Malone v. Colvin*, No. CIV. 12-3098, 2014 WL 348590, at *3 (W.D. Ark. Jan. 31, 2014). "The plain text of the relevant regulation requires the ALJ to first determine whether [a claimant] is disabled." *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003) (citing 20 C.F.R. § 404.1535(a)). Specifically, the ALJ must first determine if a claimant's symptoms, regardless of cause, constitute disability. *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010) (citing *Brueggemann*, 348 F.3d at 694).

The ALJ must then project which of the impairments, if any, would remain at a disabling level if the claimant stopped his substance abuse. *Malone*, 2014 WL 348590, at *3 (citing SSR 13-2p; *Brueggemann*, 348 F.3d at 694-695). "The focus of the inquiry is on the impairments remaining if the substance abuse ceased, and whether those impairments are disabling, regardless of their cause." *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000) (citing 20 C.F.R. § 404.1535(b)(1);

*Jackson v. Apfel*, 162 F.3d 533, 537-538 (8th Cir. 1998)). Although, the claimant carries the burden

of proving substance abuse is not a contributing factor material to the claimed disability. *Estes v.*

*Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (citing *Mittlestedt* v. Apfel, 204 F.3d 847, 852 (8th

Cir. 2000)). However, active and ongoing substance abuse does not automatically require a finding

that the substance abuse is material. *Malone*, 2014 WL 348590, at *3 (citing SSR 13-2p;

*Brueggemann*, 348 F.3d at 695). Rather, the ALJ must take on the challenging task of untangling

the warp threads of the claimant's substance abuse from the woof threads of the claimant's other

impairments to examine the hypothetical cloth that remains. *Taylor v. Colvin*, No. CIV. 13-2108,

2014 WL 2584826, at *3 (W.D. Ark. June 10, 2014). When there are concurrent mental disorders

in addition to a claimant's DAA, as here, SSR 13-2p makes clear that the ALJ must be able to

separate the effects of the two types of impairments to find DAA material. *Nelson v. Saul*, 413 F.

Supp. 3d 886, 912–13 (E.D. Mo. 2019).

With respect to the RFC determination, the evidence relied on by the ALJ does not

adequately separate the effects of Plaintiff's alcohol abuse from the effects of his co-occurring

mental disorders of PTSD, depression and anxiety. A review of the record revealed that neither

non-examining nor examining mental health professionals attempted to separate the impacts of

Plaintiff's alcohol abuse from the impacts of his co-occurring severe mental impairments. *See Fox*

*v. Colvin*, 2016 WL 728271, at *9 (E.D. Mo. Feb. 24, 2016) (remanding in absence of evidence an

acceptable medical source had considered the extent to which claimant's mental impairments

would remain when the effects of substance abuse were absent).

Furthermore, the Court cannot discern how the ALJ could have adequately considered

Plaintiff's functioning during periods of sobriety when the ALJ never clearly identified Plaintiff's

period of sobriety. *Malone*, 2014 WL 348590, at *3. In her decision, the ALJ noted that on

February 26, 2021, Plaintiff reported his longest period of sobriety in years, and that Plaintiff testified at the administrative hearing on June 2, 2022, that he had been sober for thirteen months. (Tr. 26, 29). However, the record revealed Plaintiff reported he had gone on a binge on April 11, 2021, drinking a half gallon or more of alcohol; and, in April of 2022, Dr. Jesse F. Walker reported Plaintiff continued to use alcohol. (Tr. 3877, 4106).

For the reasons stated above, the ALJ's decision is not supported by substantial evidence. The Court finds that the current record cannot support a disability determination either in favor of or against Plaintiff. Thus, a remand to the Commissioner is warranted for further administrative proceedings to revisit the sequential DAA evaluation process because the record needs to be further developed regarding Plaintiff's ability to function if the effects of his DAA were disregarded.

## IV.   Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE